# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SEAN DAVID FOLLETT,

    Petitioner,

vs.

ISIDRO BACA, et al.,

    Respondents.

Case No. 3:15-cv-00386-RCJ-WGC

**ORDER**

    Petitioner has submitted an application to proceed <u>in forma pauperis</u> (#1), a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a motion for appointment of counsel. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The action appears to be untimely under 28 U.S.C. § 2244(d). However, there is a question about the actions of petitioner's post-conviction counsel, and counsel will be of assistance in developing those facts. The court will appoint provisionally the Federal Public Defender.

    Pursuant to a plea agreement in state district court, petitioner was convicted of three counts of burglary. Petitioner appealed, and the Nevada Supreme Court affirmed on June 8, 2011. <u>Follett v. State</u>, No. 57138.[1] The judgment became final at the end of September 6, 2011. <u>Jimenez v. Quarterman</u>, 555 U.S. 113, 119-20 (2009). <u>See also</u> Sup. Ct. R. 13(1).

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=25282. All on-line reports were generated on October 28, 2015.

  Petitioner then filed his first post-conviction habeas corpus petition in state district court on October 7, 2011. It appears that the state district court denied the petition in a hearing on May 10, 2013. That court entered a written order denying the petition on May 31, 2013. That court then issued its notice of entry of the order on June 6, 2013, which started the running of the time to appeal. Ex. 3 (excerpt of docket sheet).[2] Petitioner did not file a timely notice of appeal. The decision became final at the end of July 9, 2013, assuming an additional three days to file the notice of appeal because the notice of entry of the order was served by mail. Nev. Rev. Stat. § 34.575(1); Nev. R. App. P. 26(c). The federal one-year period was tolled under 28 U.S.C. § 2244(d)(2) while this petition was pending.

  Petitioner did file an untimely notice of appeal on March 24, 2014. The Nevada Supreme Court dismissed the appeal for lack of jurisdiction on May 13, 2014. The Nevada Supreme Court denied rehearing on July 30, 2014. Remittitur issued on August 26, 2014. Follett v. State, No. 65336.[3] These actions, taken after the time to appeal had expired, do not affect the calculations of timeliness.

  Petitioner filed his second post-conviction habeas corpus petition in state district court on May 6, 2014. The state district court denied the petition. Petitioner appealed. The Nevada Court of Appeals affirmed on June 16, 2015. It held that the second petition was untimely under Nev. Rev. Stat. § 34.726(1). It also held that the second petition was successive and abusive of the writ under Nev. Rev. Stat. § 34.810. Remittitur issued on July 13, 2015. Follett v. State, No. 67478.[4] The federal one-year period was not tolled under 28 U.S.C. § 2244(d)(2) because this petition was untimely. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

  During the second post-conviction habeas corpus proceedings, petitioner filed a motion for sanctions because of non-compliance. The state district court denied the motion. Petitioner appealed. The Nevada Supreme Court dismissed the appeal for lack of jurisdiction on March 23,

---

[2] All exhibits cited in this order are attached to the petition.

[3] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=33529.

[4] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=35682.

2015. Remittitur issued on April 17, 2015. Follett v. State, No. 67539.[5] This appeal was part of the second state habeas corpus petition, and it does not affect the calculations of timeliness.

Petitioner mailed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to this court on July 23, 2015.

On its face, the petition is untimely. Between the finality of the judgment of conviction and the filing of the first state habeas corpus petition, 31 days passed. The one-year period of § 2244(d) was tolled while the first state habeas corpus petition was pending. The one-year period resumed when the time to appeal expired at the end of July 9, 2013. The second state habeas corpus petition did not toll the one-year federal limitation period under § 2244(d)(2) because that petition was untimely. Pace, 544 U.S. at 417. The one-year period of § 2244(d) expired at the end of June 10, 2014, more than a year before petitioner mailed his federal petition to this court.

However, the lack of a timely appeal in the first state habeas corpus petition appears to be peculiar. Petitioner's motion for a sanction, filed in the second state habeas corpus proceedings, argued that post-conviction counsel in the first state habeas corpus proceedings ignored a court order to file a notice of appeal. The state district court in the second state habeas corpus proceedings ruled that the judge in the first proceedings suggested, not ordered, counsel to file a notice of appeal. Ex. 14. However, it appears that post-conviction counsel actually did prepare a notice of appeal and a case appeal statement, dated May 31, 2013. Ex. 2. That notice of appeal never was filed, and the court does not know why. The court also does not know whether the lack of a timely appeal would have made a difference in the timeliness of this action, but this is something that counsel would be in a better position than petitioner to investigate.

The court notes that the Federal Public Defender has represented petitioner in United States v. Follett, Case No. 3:09-cr-00087-HDM-VPC.

IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#1) is **GRANTED**. Petitioner need not pay the filing fee of five dollars ($5.00).

---

[5] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=35743.

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the motion for appointment of counsel.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel is **GRANTED**. The Federal Public Defender is provisionally appointed to represent petitioner.

IT IS FURTHER ORDERED that the Federal Public Defender shall have thirty (30) days from the date that this order is entered to undertake direct representation of petitioner or to indicate to the court his inability to represent petitioner in these proceedings. If the Federal Public Defender does undertake representation of petitioner, he shall then have sixty (60) days to file an amended petition for a writ of habeas corpus. If the Federal Public Defender is unable to represent petitioner, then the court shall appoint alternate counsel.

IT IS FURTHER ORDERED that neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims.

IT IS FURTHER ORDERED that the clerk shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve both the Attorney General of the State of Nevada and the Federal Public Defender a copy of the petition and a copy of this order.

IT IS FURTHER ORDERED that respondents' counsel shall enter a notice of appearance within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

///
///
///
///
///
///

IT IS FURTHER ORDERED that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter.  The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment.  The hard copy of any additional state court record exhibits shall be forwarded—for this case—to the staff attorneys in Las Vegas.

DATED: This 9th day of November, 2015.

_____
ROBERT C. JONES
United States District Judge