# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SEAN DAVID FOLLETT,

    Petitioner,

v.

ISIDRO BACA, et al.,

    Respondents.

Case No. 3:15-cv-00386-RCJ-WGC

**ORDER**

Petitioner has filed an amended petition (ECF No. 36). The court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss two grounds because they are without merit. Respondents will need to respond to the remaining ground.

Ground 4 is a claim that counsel provided ineffective assistance in the state post-conviction habeas corpus proceedings because counsel did not file a notice of appeal from the denial of the habeas corpus petition. Petitioner does not have a constitutional right to effective assistance of post-conviction counsel. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).[1] The court dismisses ground 4.

Ground 5 is a claim that the state district judge in the state post-conviction habeas corpsu

---
[1] The actions of post-conviction counsel might be an excuse for procedural defenses or a basis for equitable tolling, but a free-standing claim of ineffective assistance of post-conviction counsel does not exist.

proceedings abused his discretion.  "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings."  Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); see also Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997).  The court dismisses ground 5.

IT THEREFORE IS ORDERED that ground 4 and ground 5 of the amended petition (ECF No. 36) are **DISMISSED**.

IT FURTHER IS ORDERED that respondents will have forty-five (45) days from the date of entry of this order to answer or otherwise respond to the amended petition (ECF No. 36). Respondents must raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default.  Successive motions to dismiss will not be entertained.

IT FURTHER IS ORDERED that if respondents file and serve an answer, then they must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner will have forty-five (45) days from the date on which the answer is served to file a reply.

IT FURTHER IS ORDERED that if respondents file and serve a motion, then petitioner will have fourteen (14) days from the date of service of the motion to file a response to the motion.  Respondents then will have seven (7) days from the date of service of the response to file a reply.

DATED:  This 23rd day of May, 2018.

ROBERT C. JONES
United States District Judge