# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SEAN DAVID FOLLETT,

        Petitioner,

   v.

ISIDRO BACA, et al.,

        Respondents.

Case No. 3:15-cv-00386-RCJ-WGC

**ORDER**

Before the court are the amended petition for writ of habeas corpus (ECF No. 36), respondents' motion to dismiss (ECF No. 44), petitioner's opposition (ECF No. 51) and supplement to opposition (ECF No. 62), and respondents' reply (ECF No. 52) and reply to the supplement (ECF No. 65). The action is untimely, and the remaining four grounds are procedurally defaulted without excuse. The court grants the motion to dismiss.

**I.    Procedural Background**

Pursuant to a plea agreement, on October 15, 2010, petitioner was convicted in state district court of three counts of burglary. Petitioner's Ex. 10 (ECF No. 36-10). Petitioner appealed. Petitioner's Ex. 11 (ECF No. 36-11). The state district court entered an amended judgment of conviction on June 8, 2011. Petitioner's Ex. 14 (ECF No. 36-14). On June 8, 2011, the Nevada Supreme Court affirmed. Petitioner's Ex. 15 (ECF No. 36-15).

1         On October 7, 2011, petitioner, pro se, filed his first post-conviction habeas corpus
2 petition in the state district court. Petitioner's Ex. 16 (ECF No. 36-16). The state district court
3 appointed counsel, who filed a supplement. Petitioner's Ex. 18 (ECF No. 36-18). On May 31,
4 2013, the state district court denied the petition. Petitioner's Ex. 21 (ECF No. 36-21). The state
5 district court issued its notice of entry of the order on June 6, 2013. Respondents' Ex. 129 (ECF
6 No. 66-22). Petitioner did not file a timely notice of appeal.[1]

7         On March 24, 2014, petitioner filed a belated notice of appeal from the denial of the first
8 post-conviction habeas corpus petition. Petitioner's Ex. 23 (ECF No. 36-23). On May 13, 2014,
9 the Nevada Supreme Court dismissed the appeal as untimely. Petitioner's Ex. 26 (ECF No. 36-
10 26, at 2). On July 30, 2014, the Nevada Supreme Court denied rehearing. Respondents' Ex. 45
11 (ECF No. 46-12). On August 26, 2014, the Nevada Supreme Court issued its remittitur.
12 Respondents' Ex. 46 (ECF No. 46-13).

13         On May 6, 2014, while the untimely appeal from the first post-conviction petition was
14 pending, petitioner filed a second post-conviction habeas corpus petition in the state district court.
15 Petitioner's Ex. 24 (ECF No. 36-24). On February 4, 2015, the state district court dismissed the
16 second petition as successive under Nev. Rev. Stat. § 34.810. Petitioner's Ex. 32 (ECF No. 36-
17 32). Petitioner appealed. Petitioner's Ex. 34 (ECF No. 36-34). The Nevada Supreme Court
18 transferred the case to the Nevada Court of Appeals. On June 16, 2015, the Nevada Court of
19 Appeals affirmed. It found that the second state post-conviction petition was both untimely under
20 Nev. Rev. Stat. § 34.726(1) and successive under Nev. Rev. Stat. § 34.810. Petitioner's Ex. 35, at
21 1-2 (ECF No. 36-35, at 2-3). The Nevada Court of Appeals also held that petitioner had not
22 shown cause and prejudice to excuse the procedural bars. Id. at 2-3 (ECF No. 36-35, at 3-4). The
23 Nevada Court of Appeals transferred the case back to the Nevada Supreme Court, which issued
24 the remittitur on July 13, 2015. Respondents' Ex. 107 (ECF No. 47-41).

25         On July 23, 2015, petitioner mailed his original, proper-person habeas corpus petition
26 under 28 U.S.C. § 2254 to this court. ECF No. 4. The court provisionally appointed the Federal
27 Public Defender. ECF No. 3. The court then allowed the Federal Public Defender to withdraw

---

[1]     The lack of a timely appeal is a point of contention in the motion to dismiss.

because of a potential conflict of interest. ECF No. 19. The court appointed Mary Lou Wilson to represent petitioner. Petitioner filed his counseled amended petition on October 20, 2017. ECF No. 36. The court dismissed grounds 4 and 5 because they are not addressable in federal habeas corpus, and the court directed respondents to respond to the remaining grounds. ECF No. 38. Respondents filed their motion to dismiss on October 1, 2018. ECF No. 44. The motion to dismiss went through a full round of briefing with Wilson as counsel for petitioner. ECF No. 51, ECF No. 52. The court then allowed Wilson to withdraw and appointed Jamie J. Resch to represent petitioner. ECF No. 54, ECF No. 55. The parties then filed supplements to their briefs. ECF No. 62, ECF No. 65.

## II. The action is untimely

### A. Standard for timeliness

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418).

Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386-87 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. at 386 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Id. at 624.

The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

**B.     The action is untimely under the statute**

The Nevada Supreme Court decided petitioner's direct appeal on June 8, 2011. Petitioner's Ex. 15 (ECF No. 36-15). The judgment of conviction thus became final at the end of September 6, 2011, with expiration of the time to file a petition for a writ of certiorari with the Supreme Court of the United States.

Thirty (30) days passed between the finality of the judgment of conviction and the filing of the first state post-conviction habeas corpus petition on October 7, 2011.[2] Petitioner's Ex. 16 (ECF No. 36-16). The filing of the petition tolled the one-year limitation period under 28 U.S.C. § 2244(d)(2).

The parties dispute when the first state post-conviction proceedings concluded, and when the one-year limitation period resumed. Respondents note that the state district court denied the petition on Friday, May 31, 2013, that under state rules the time to appeal started running the

---

[2] The court does not count the date of filing of the petition as a non-tolled day.

4

following Monday, June 3, 2013, and the time to appeal expired at the end of July 2, 2013. Respondents argue that the one-year period resumed on July 3, 2013. ECF No. 44, at 3 & n.1. The dates are incorrect, because the thirty-day time to appeal the denial of a post-conviction habeas corpus petition, plus three days for service by mail, runs from the issuance of the notice of entry of order, on June 6, 2013, and not from the entry of the order on May 31, 2013. See Nev. Rev. Stat. § 34.575(1), Nev. R. App. P. 26(c). The time to appeal expired on July 9, 2013, tolling under 28 U.S.C. § 2244(d)(2) ended, and the federal one-year period resumed the next day.

Petitioner argues that the one-year period should have resumed from the issuance of the remittitur on August 26, 2014, after the Nevada Supreme Court dismissed his direct appeal. First, post-conviction counsel told petitioner that the notice of appeal had been filed, when in truth it had not been filed. See Petitioner's Ex. 22 (ECF No. 36-22), Petitioner's Ex. 25 (ECF No. 36-25, at 53-58). Second, petitioner questions whether the time to appeal the denial of a post-conviction petition is jurisdictional, citing Hamer v. Neighborhood Hous. Servs., 138 S. Ct. 13 (2017). Third, petitioner argues that he had no reason to file in federal court while an opportunity remained for the Nevada Supreme Court to consider his appeal, citing Rudin v. Myles, 781 F.3d 1043, 2015 (9th Cir. 2015).

Petitioner's arguments regarding counsel's statement that a notice of appeal had been filed and that he had no reason to file in federal court are better suited toward equitable tolling. The court will address those arguments in the following section.

Regarding Hamer, the best case for petitioner is that Hamer is inapplicable; the worst case for petitioner is that Hamer confirms the Nevada Supreme Court's ruling on the untimely appeal. The Court stated, "[A]n appeal filing deadline prescribed by statute will be regarded as 'jurisdictional,' meaning that late filing of the appeal notice necessitates dismissal of the appeal. But a time limit prescribed only in a court-made rule . . . is not jurisdictional; it is, instead, a mandatory claim-processing rule subject to forfeiture if not properly raised by the appellee." 138 S. Ct. at 17 (citing Bowles v. Russell, 551 U.S. 205, 210-13 (2007)). In Hamer itself, the district court granted an extension of time to appeal under Rule 4(a)(5)(C) of the Federal Rules of Appellate Procedure that exceeded the rule's limit, and the other party did not move for

5

reconsideration or otherwise object. 138 S. Ct. at 18. The Supreme Court held that Rule 4(a)(5)(C) was not a jurisdictional rule but a mandatory claim-processing rule that was subject to forfeiture or waiver, because it was not based upon a statutory limit. Id. at 19-22.

Hamer interprets constitutional provisions and federal rules that are not applicable to Nevada courts. Under Article III of the Constitution of the United States, only Congress can define the subject-matter jurisdiction of lower courts. Hamer, 138 S. Ct. at 17. However, Article III does not define the judicial power of the State of Nevada. The Constitution of the State of Nevada does. Similarly, the Federal Rules of Appellate Procedure do not apply to Nevada courts. Hamer makes no statement that its ruling should apply to state courts as well as federal courts. Petitioner notes that in an unpublished decision of the Nevada Supreme Court, the dissent argued that the court should apply Hamer to the deadline for filing an appeal under Rule 4 of the Nevada Rules of Appellate Procedure. Clark Cty. Deputy Marshals Ass'n v. Clark Cty., 425 P.3d 381 (table disposition), 2018 WL 4297855, at *3-*4 (Cherry, J., dissenting). From that, petitioner argues that it was unclear at the time of his appeal whether the Nevada Supreme Court would decide his appeal on the merits. Whether the principle of Hamer applies to Nevada courts is a matter for the Nevada Supreme Court and the Nevada Legislature to decide. This court has no power to decide for them.

Even if Hamer did apply to Nevada, it only cements the notion that the Nevada Supreme Court lacked jurisdiction to consider petitioner's untimely appeal. The time limit for an appeal from the denial of a post-conviction habeas corpus petition is statutory. Nev. Rev. Stat. § 34.575(1). Under Hamer, it would be jurisdictional, and the Nevada Supreme Court had no choice but to dismiss the appeal.

The question then becomes whether the untimely notice of appeal was part of properly filed state post-conviction proceedings, within the meaning of 28 U.S.C. § 2244(d)(2). Petitioner argues that Pace v. DiGuglielmo applies to an untimely state habeas corpus petition, not an untimely appeal from a timely habeas corpus petition. ECF No. 62, at 7. However, the Supreme Court has noted:

6

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, <u>the time limits upon its delivery</u>, the court and office in which it must be lodged, and the requisite filing fee.

Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations and footnote omitted, emphasis added). In the omitted footnote, the Court left open the question "whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed." Id. at 8 n.2. Pace determined that there was no reason for treating such a requirement differently from a requirement that had no exceptions. 544 U.S. at 413. Bennett and Pace, read together, make clear that an untimely appeal is not part of a properly filed state post-conviction proceeding, and thus the time spent on it is ineligible for tolling under § 2244(d)(2).

The second state post-conviction habeas corpus petition was untimely under Nev. Rev. Stat. § 34.726(1). Petitioner's Ex. 35 (ECF No. 36-35). It does not qualify for tolling under § 2244(d)(2). Pace, 544 U.S. at 417.

Therefore, under § 2244(d), this action is untimely. Between the finality of the judgment of conviction on September 6, 2011, and the filing of the first state post-conviction habeas corpus petition, thirty (30) non-tolled day passed. Between the expiration of time to appeal after the denial of the first state post-conviction habeas corpus petition on July 9, 2013, and the mailing of the federal habeas corpus petition on July 23, 2015, seven hundred forty-three (743) non-tolled days passed. A total of seven hundred seventy-three (773) non-tolled days passed, which exceeds the one-year limit.

**C.     Petitioner has not demonstrated eligibility for equitable tolling**

After the state district court denied his first post-conviction habeas corpus petition, post-conviction counsel sent petitioner a letter, dated June 3, 2013, that stated:

> Please find enclosed your copies of the Rough Draft Transcript and Transcripts at Public Expense request as well as the Notice of Appeal and Case Appeal Statement filed on your behalf.

Petitioner's Ex. 22 (ECF No. 36-22). Petitioner did receive copies of the notice of appeal and the case appeal statement. Petitioner's Ex. 25 (ECF No. 36-25, at 53-58). However, counsel did not

file a notice of appeal. Petitioner argues that post-conviction counsel's actions are well beyond garden-variety negligence and amount to an extraordinary circumstance that warrants equitable tolling. ECF No. 62, at 9. Respondents counter that an attorney missing a filing deadline is not an extraordinary circumstance. ECF No. 65, at 5-6.

The court need not resolve this issue, because even if petitioner is correct, the time that is equitably tolled is not enough to make this action timely. Post-conviction counsel's failure to file a notice of appeal would equitably toll the period of limitation until March 24, 2014. On that date, petitioner filed his proper-person belated notice of appeal. Petitioner's Ex. 23 (ECF No. 36-23). Equitable tolling ends at that point. Petitioner's argument based upon Rudin v. Myles, 781 F.3d 1043 (9th Cir. 2015), then becomes unavailing. Rudin based equitable tolling upon the petitioner's belief that a timely post-conviction habeas corpus petition had been filed. In this case, petitioner's belief in a timely appeal ended no later than March 24, 2014, not only because he filed a proper-person notice of appeal, but also because he titled that notice of appeal "Belated." At that point, petitioner knew that post-conviction counsel had not filed a notice of appeal, and he also had reason to believe that he might have a problem with the timeliness of any federal habeas corpus petition. Petitioner also knew that the belated notice of appeal would, in the end, do him no good, because Nev. Rev. Stat. § 34.575(1) is jurisdictional without exceptions.

If the court accepted petitioner's argument, then this action still would be untimely. Thirty (30) days passed between the finality of the judgment of conviction on September 6, 2011, and the filing of the first post-conviction habeas corpus petition on October 7, 2011. A combination of statutory tolling and equitable tolling would last until March 24, 2014, when petitioner filed his belated notice of appeal. Taking the time already passed into account, the one-year period of limitation would have expired on Monday, February 23, 2015. Petitioner mailed his federal habeas corpus petition on July 23, 2015, which would be five months after the one-year period would have expired.

Ultimately, what makes this action untimely, and what the court cannot excuse, is petitioner's second state post-conviction habeas corpus petition. It was untimely under Nev. Rev. Stat. § 34.726(1) and successive under Nev. Rev. Stat. § 34.810. Because Nevada's statute of

limitations and bar against successive petitions are pleading requirements, questions about them are on the state's habeas corpus petition form, and petitioner answered them. Petitioner's Ex. 24 (ECF No. 36-24, at 4-12). By the time petitioner filed the second state habeas corpus petition, he knew that timeliness of a federal petition was an issue. Petitioner was not in the situation, described in Rudin, where a person believes that timeliness is not a problem until the end of state-court proceedings, when it becomes too late to file a federal habeas corpus petition. Additionally, if petitioner was able to file his second state habeas corpus petition, then no external factors prevented him from filing a federal habeas corpus petition. Nonetheless, petitioner pursued the fruitless second state habeas corpus petition and let the remaining time in his federal period of limitation run out. Petitioner has not demonstrated extraordinary circumstances, and he has not demonstrated diligence. Equitable tolling is not warranted in this action.

### III. All grounds for relief are procedurally defaulted

### A. Standard for procedural default

A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986). The grounds for dismissal upon which the Nevada Supreme Court relied in this case are adequate and independent state rules. Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810); Loveland v. Hatcher, 231 F.3d 640 (9th Cir. 2000) (Nev. Rev. Stat. § 34.726); Moran v. McDaniel, 80 F.3d 1261 (9th Cir. 1996) (same).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. Carrier, 477 U.S. at 488.

9

| | |
|---|---|
| 1 | To show prejudice, "[t]he habeas petitioner must show 'not merely that the errors at . . . |
| 2 | trial created a <u>possibility</u> of prejudice, but that they worked to his actual and substantial |
| 3 | disadvantage, infecting his entire trial with error of constitutional dimensions.'" <u>Carrier</u>, 477 U.S. |
| 4 | at 494 (quoting <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982)) (emphasis in original). |

**B.     Discussion**

Four grounds remain in the federal amended petition.[3] Grounds 1 and 2 are claims of ineffective assistance of trial counsel. Ground 3 is a claim of ineffective assistance of direct-appeal counsel. Ground 6 is a claim that petitioner's guilty plea was involuntary due to his mental state and the conditions of the jail.

Petitioner raised the equivalent of grounds 1 and 2, and possibly ground 6, in his first state post-conviction habeas corpus petition.[4] Petitioner's Ex. 17 (ECF No. 36-17), Petitioner's Ex. 18 (ECF No. 36-18). He did not timely appeal the denial of that petition.

Petitioner raised the equivalent of all grounds in his second state post-conviction habeas corpus petition. Ultimately, the Nevada Court of Appeals determined that the petition was untimely under Nev. Rev. Stat. § 34.726(1) and successive under Nev. Rev. Stat. § 34.810.

Petitioner's argument for cause and prejudice relies largely upon <u>Martinez v. Ryan</u>, 566 U.S. 1, 14 (2012), which held that ineffective assistance of post-conviction counsel, or the lack of post-conviction counsel, in the initial post-conviction proceedings, can be good cause to excuse a procedural default of a claim of ineffective assistance of trial counsel.

Grounds 1 and 2 are claims of ineffective assistance of trial counsel. However, the procedural default occurred because petitioner did not timely appeal the denial of his first state habeas corpus petition. That is not good cause to excuse a procedural default. <u>Coleman v. Thompson</u>, 501 U.S. 722, 727-28, 752-57 (1991). <u>Martinez</u> specifically stated that the rule of

---

[3] The court will not discuss grounds 4 and 5 in this section, because the court already has dismissed those grounds. ECF No. 38, at 1-2.

[4] The equivalent to ground 6 in the first state petition, supplemental ground 2, alleges that counsel provided ineffective assistance by inducing and assisting in going forward with the plea, despite petitioner's mental state and being held in jail for almost ten months. Petitioner's Ex. 18, at 4-5 (ECF No. 36-18, at 5-6). Ground 6 in the federal amended petition omits any mention of counsel's actions. ECF No. 36, at 24-25. Instead, it refers to ground 8 of the second state petition. Ground 8 of the second petition only describes the conditions at the jail and does not mention trial counsel's actions. Nonetheless, ground 6 is procedurally defaulted no matter how petitioner presented the claim to the state courts.

10

Coleman still applies in that situation. 566 U.S. at 16.[5] Martinez does not apply to grounds 1 and 2.

Ground 3 is a claim of ineffective assistance of direct-appeal counsel. Martinez does not apply to it. Davila v. Davis, 137 S. Ct. 2058 (2017).[6]

Ground 6 is a claim that petitioner's guilty plea was involuntary, but it involves his mental state and the conditions in the jail. Petitioner does not allege any deficient performance by trial counsel in ground 6. Martinez does not apply to it.[7]

Petitioner argues that, to the extent that ground 3 is a challenge to the constitutionality of his sentence, the Nevada Supreme Court's citation to Houk v. State, 747 P.2d 1376, 1379 (Nev. 1987) on direct appeal means that ground 3 is exhausted and not procedurally defaulted. ECF No. 62, at 14. See also Ex. 15, at 1-2 (ECF No. 36-15, at 2-3). However, ground 3 is not a challenge to the constitutionality of petitioner's sentence. Ground 3 has two sub-claims. First, petitioner claims that appellate counsel failed to use discovery to depose the deputy sheriff about why he noted that the two counts of residential burglary should be dropped.[8] Second, petitioner claims that appellate counsel failed to obtain the transcripts of a hearing that ended in the postponement of the preliminary hearing. The preliminary hearing, in turn, would have led to the dropping of the two counts of residential burglary.

Petitioner does not persuade the court for two reasons. First, a claim of ineffective assistance of counsel is distinct from the underlying claim. See Kimmelman v. Morrison, 477 U.S. 365 (1986). The exhaustion of the underlying claim does not exhaust the claim of ineffective assistance of counsel. Second, the claim presented to the Nevada Supreme Court on direct appeal was that the state district court abused its discretion because it did not consider that petitioner "has had a drug problem from a young age, was the victim of sexual abuse as a child,

---

[5] Petitioner argues that because he did file an untimely appeal from the denial of the first state post-conviction petition, grounds 1, 2, and 6 should be considered exhausted but procedurally defaulted from that petition alone. However, the outcome is the same. Grounds 1, 2, and 6 are procedurally defaulted, and petitioner has not demonstrated cause and prejudice to excuse the procedural default.

[6] In the original opposition, petitioner quotes the full dissent in Davila. ECF No. 51, at 4-13. However, the majority opinion in Davila is controlling.

[7] Even if the court considered ground 6 to be a claim of ineffective assistance of trial counsel, Martinez would not apply to it for the same reason why Martinez does not apply to grounds 1 and 2.

[8] The court discusses this below, regarding petitioner's argument for actual innocence.

11

attended treatment and counseling while in jail, and will be attending an intensive rehabilitation program while in federal prison." Ex. 15, at 1 (ECF No. 36-15, at 2). The recommendation of dropping two counts of residential burglary is factually distinct from what petitioner presented on direct appeal. Therefore, petitioner did not exhaust ground 3 on direct appeal.

**IV.     Petitioner has not demonstrated actual innocence**

Petitioner argues that he can bypass both the untimeliness of this action and the procedural default of all claims because he is actually innocent. He does not persuade the court.

> Schlup [v. Delo, 513 U.S. 298 (1995)] requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory," admissible at trial or not. House [v. Bell], 547 U.S. [518,] 538 [(2006)] (internal quotation marks omitted); Carriger [v. Stewart], 132 F.3d [463,] 477-78 [(9th Cir. 1997) (en banc)]. On this complete record, the court makes a "'probabilistic determination about what reasonable, properly instructed jurors would do.'" House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 329).

Lee v. Lampert, 653 F.3d 929, 938 (9th Cir. 2011). Petitioner presents two pieces of evidence to support his argument for actual innocence. First, on August 9, 2009, petitioner was arrested after sheriff's deputies caught him burglarizing a business. The arresting deputy prepared a declaration of probable cause. He listed three burglaries, the first being commercial burglary and the second and third being residential burglaries. The deputy then lined out the two residential burglary charges and noted "drop." Ex. 25 (ECF No. 36-25, at 117).

Second, on December 10, 2009, the justice court held a sealed hearing, concerning trial counsel Lynn Branzell's representation of petitioner. What is relevant to the claim of actual innocence is that petitioner stated, "Your Honor, I have agreed to plead guilty on one case and not on two that I did not commit." Ex. 1, at 19 (ECF No. 36-1, at 20). Petitioner then said, "I will not plead guilty to charges that I did not commit." Id. at 20 (ECF No. 36-1, at 21).

Evidence of petitioner's guilt also exists. First, the pre-sentence investigation report summarized the three offenses. A residential burglary occurred on July 17, 2009. Video surveillance showed near the residence a person, identified as petitioner, and a vehicle, identified as petitioner's vehicle. A second residential burglary occurred on July 22, 2009. Video

12

surveillance showed near the residence the same person, identified as petitioner, and the same vehicle, identified as petitioner's vehicle. A commercial burglary occurred on August 9, 2009. Deputy sheriffs witnessed this burglary. They saw petitioner approach the business and return to his vehicle, empty handed, multiple times. The vehicle then left the business. The vehicle returned a short time later. Petitioner approached and left empty handed again. Then the vehicle entered the business' parking lot. Petitioner got out, went to the business, returned with a black box, and placed it in the back of his truck. A deputy noticed that the door to the business was unsecured and that the cash register was lying on the floor. Deputies followed the vehicle and contacted petitioner. In the back of the vehicle was a pried open cash register drawer. Petitioner's Ex. 8, at 7-8 (ECF No. 36-8, at 8-9).

Second, the plea might have been a strategy to avoid a harsher sentence. After the justice of the peace allowed Branzell to withdraw, the prosecutor, Elliott Sattler, sent a letter or email to new trial counsel, John Malone. Petitioner's Ex. 25 (ECF No. 36-25, at 119). Sattler explained that the only offer was for petitioner to plead guilty to all three counts of burglary, and the prosecution would not seek adjudication of petitioner as a habitual criminal under Nev. Rev. Stat. § 207.010. Sattler stated that if the case went to a preliminary hearing, then he would withdraw the offer and seek adjudication of petitioner as a habitual criminal. Id.

Petitioner never disputed the commercial burglary of August 9, 2009. Any reasonable juror would find petitioner guilty beyond a reasonable doubt of that charge. Additionally, petitioner had enough prior felony convictions to be adjudicated as a "large" habitual criminal under Nev. Rev. Stat. § 207.010(1)(b). Petitioner's Ex. 8, at 4-6 (ECF No. 36-8, at 5-7). If the state district court agreed that petitioner should be adjudicated as a "large" habitual criminal, then the penalty would be life imprisonment without eligibility for parole, life imprisonment with eligibility for parole after 10 years, or 25 years' imprisonment with eligibility for parole after 10 years. Nev. Rev. Stat. § 207.010(1)(b). "A conviction pursuant to NRS 207.010 . . . operates only to increase, not to reduce, the sentence otherwise provided by law for the principal crime." Nev. Rev. Stat. § 207.016(1). Not only does petitioner need to demonstrate that he is actually innocent of the two charges of residential burglary, he also needs to demonstrate that he is

13

actually innocent of being a habitual criminal. See Bousley v. United States, 523 U.S. at 624. Petitioner does not demonstrate that he does not have the required prior felony convictions, or that those prior felony convictions are invalid, to be innocent of habitual criminality.

Third, petitioner agreed to plead guilty and admitted to all charges in the information. While petitioner is correct that a guilty plea is no bar to a claim of actual innocence, the court must consider that petitioner agreed to plead guilty after the arresting officer lined out two of the charges and after petitioner stated to the justice of the peace that he did not commit those crimes. Petitioner has not presented anything new, after his guilty plea, to support his claim of actual innocence.

Considering all this evidence, petitioner has not demonstrated that he is actually innocent. His evidence for actual innocence is the lining out of two charges of burglary in the probable cause statement and his denial of committing two burglaries at the hearing. On the other hand, the pre-sentence investigation report contained circumstantial evidence of petitioner committing the residential burglaries, because the video surveillance at both burglaries showed petitioner and his vehicle present around the time of the burglaries. Petitioner also has not demonstrated that the state district court could not have adjudicated him as a habitual criminal if he went to trial. Finally, petitioner admitted committing those burglaries at his plea hearing. Based upon that evidence, the court cannot conclude that no reasonable juror would find petitioner guilty beyond a reasonable doubt.

**V.     Respondents arguments regarding grounds 4 and 5 are moot**

Respondents argue that grounds 4 is not addressable in federal habeas corpus because it is a claim of ineffective assistance of post-conviction counsel, and petitioner has no constitutional right to post-conviction counsel. Respondents argue that ground 5 is not addressable in federal habeas corpus because it is a claim of error in the state post-conviction proceedings. The court already dismissed these grounds for those reasons. ECF No. 38, at 1-2. Respondents' arguments, though correct, are moot.

///

///

14

**VI.    The court will not issue a certificate of appealability**

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the court must determine whether to issue a certificate of appealability. Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th Cir. 2000).

Petitioner has not satisfied this standard. Reasonable jurists would not dispute that grounds 4 and 5 are not addressable in federal habeas corpus. Reasonable jurists would not dispute that the action itself is untimely even with statutory tolling. Reasonable jurists also would not dispute that equitable tolling is not warranted, because petitioner let his time expire while he pursued a fruitless successive state post-conviction petition, even though he knew that he had a problem with timeliness. Reasonable jurists would not dispute that the four remaining grounds are procedurally defaulted, and reasonable jurists would not dispute that petitioner's arguments for cause under Martinez v. Ryan, 566 U.S. 1 (2012), are inapplicable to the defaulted grounds. Finally, reasonable jurists would not dispute that, considering all the evidence, petitioner has not demonstrated actual innocence to bypass either the time bar or the procedural defaults. The court will not issue a certificate of appealability.

**VII.    Conclusion**

IT THEREFORE IS ORDERED that respondents' motion to dismiss (ECF No. 44) is **GRANTED**. This action is **DISMISSED** with prejudice because it is untimely and because all

remaining grounds are procedurally defaulted. The clerk of the court shall enter judgment accordingly and close this action.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED: 26th day of August, 2019.

_____
ROBERT C. JONES
United States District Judge